Hatfield, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the appealed claims — Nos. 32 and 34 to 44, inclu *1326 sive — in. appellant’s application for a patent for an alleged invention relating to improvements in centrifugal pumps, blowers, and similar machines.
. Claim 44 is illustrative of the appealed claims. It reads:
44. A combined pump and pump driving electric motor unit including in combination, a combined supporting frame and casing; a single shaft rigid from end to end and adapted to have both rotary movement and limited longitudinal movement in opposite directions; spaced bearings supporting said shaft in said frame-casing for both rotary and longitudinal movement and with the ends of the shaft extending or projecting beyond both of its said bearings; an electric motor having its field mounted on said frame-casing and its armature surrounding said shaft between its said spaced bearings; means connecting said armature to said shaft to cause the same to rotate together; a pump easing forming part of said frame-casing and having an opening through which one propecting [i>rojecting] end of the shaft freely passes into the interior of said pump casing; a rotary pump member within said pump casing and secured to said end of the shaft; cooperating sealing surfaces on said shaft and pump casing respectively and adapted to be engaged and disengaged by longitudinal movement of the shaft to open and/or close said opening in the pump casing through which said shaft passes to the interior of said casing; and means at the other projecting end of the shaft acting automatically to longitudinally shift the shaft in one direction to disengage said sealing surfaces while the motor is driving the shaft and to shift the shaft in the other direction to engage said sealing surfaces when the motor is not driving the shaft.
The references are;
Spencer, 917,971, Apr. 13, 1909.
Carrier, 1,575,970, Mar. 9, 1926.
Hollander, 1,707,613, Apr. 2, 1929.
Wilfley, 1,756,323, Apr. 29, 1930.
The references are fully described and applied to appellant’s combination in the decisions of the Primary Examiner and the Board of Appeals.
Appellant’s alleged invention is stated by the Primary Examiner to be a “sealing mechanism for the shaft opening of a motor driven centrifugal pump. The usual stuffing box wastes power in friction. To eliminate this waste, applicant replaces the stuffing box with cooperating sealing rings on the shaft and the casing, respectively, said rings being held in contact to seal the pump shaft opening by a spring when the unit is not operating. When the unit is operating, a pair of weights which rotate with the shaft slide the shaft axially to separate the sealing rings. The pump is so constructed that there is very little tendency for liquid to leak out of the shaft opening when the unit is operating, even though the sealing rings are not in -contact. The pump casing is supported from and by one of the motor end bells, and the pump impeller is mounted directly on the motor shaft. To accommodate the sliding movement of the shaft, <one of the motor shaft bearings slides in its housing, while the other *1327 is fixed in tfie housing and on a sleeve which is keyed to the shaft to prevent its rotation relative thereto, while permitting the shaft to slide in the sleeve. The governor weights are pivoted to the sleeve and have arms contacting the end of the shaft to move the latter for separating the rings.”
It is clear from the appealed claims and from the references of record that appellant’s combination, as defined broadly in the appealed claims, consists of elements, all of which are old in the art.
In his decision rejecting the appealed claims, the Primary Examiner, among other things, said:
Arrangements for moving a pump shaft axially to unseal the shaft opening when the unit is operating are well known in the art, as shown by the Wilfley patent, owned by the assignee of this application, and by Carrier (rings 18, 19 and the governor of Fig. 7 or mechanism 60 to 63 of Fig. 2). Applicant admits that such mechanisms are old, but bases his claim for a patent on the fact that his shaft carries not only the pump impeller, but the motor armature as well.
íj; sjs $Jc %
Spencer and Hollander show motors which support the pump casings and are provided with shafts carrying the pump impellers, just as in applicant’s device. Spencer and Hollander use stuffing boxes instead of the centrifugally operated seal claimed by applicant. In view of the fact that such seals are old; as shown by Wilfley, the examiner considers it an obvious and unpat-entable expedient to replace the Spencer and Hollander stuffings boxes with relatively movable rings as in Wilfley, and to slide one of the rings and the shaft in 'Spencer or Hollander by mounting on the ends of their shafts a centrifugal governor like Wilfley’s. The latter’s governor could be bodily incorporated in Spencer or Hollander by mounting their motor armatures on the equivalent of Wilfley’s sleeve 11, or by placing the equivalent of sleeve 11 at the end of the Spencer or Hollander shafts, as applicant does. The examiner fails to find any patentable novelty in the fact that the shaft carries not only the impeller but the motor armature as well. The presence of the armature adds no complications and requires no alteration of structure to accommodate it.
All of tbe appealed claims therefore, were rejected on the patents to either Spencer or Hollander, in view of Wilfley, as stated in the examiner’s decision. The examiner also rejected the claims on Wilfley, in view of Spencer or Hollander, holding that it was nnpat-.entable to add to Wilfley, who disclosed the sealing means, referred •to in the quoted excerpt from the examiner’s decision, the elements in the disclosures of Spencer and Hollander, each of which shows a shaft on which the impeller and the motor armature are both mounted.
The examiner further rejected claims 34, 36, and 38 to 42, inclusive, on either Spencer or Hollander in view of Carrier, who, he stated, disclosed “how to replace the stuffing boxes of the main references with slidable sealing rings, and to mount at the right *1328 band end of their pump shafts a governor device for sliding one ring and the shaft.”
In its decision, the Board of Appeals, among other things, said:
We see no basic idea in sncb combination as tbe movable shaft releasing at certain speeds a sealing engagement of elements is just as effective whether the electric motor is mounted on the same shaft of the pump, as in the Spencer and Hollander patents, or whether the pump is operated from other means as in the patents to Carrier and Wilfley. It seems to us the essential ■ features of the rejected claims are found in the Wilfley and Carrier patents and simply to add to the construction of these patents a motor drive with the armature of the motor mounted on the main shaft of the pump, is not only suggested in the prior art but is of no moment in the combination of elements set forth in the claims on appeal. We have examined appellant’s brief and affidavits submitted and see no good reason for taking a contrary-view to that of the examiner.
It may be said at this point that claims 28, 30, and 38, which define specifically and in detail the combination of the elements, as. disclosed by the references, were allowed by the Primary Examiner. The appealed claims, however, were held to be unpatentable by the examiner, because they broadly define appellant’s combination.
Counsel for appellant filed an affidavit by appellant, and also other affidavits by persons shilled in the art.
It has been repeatedly held by this court that statements contained in an affidavit relative to affiant’s belief that a device involves invention would not be considered. It is true that the affidavits of record contain statements to that effect, nevertheless, they are helpful in that they explain how the involved invention differs from the references, the difficulties that would be encountered, and that experimentation would be required to combine the elements disclosed in the patents to Spencer and Carrier with those disclosed in the patents to Hollander and Wilfley, in order to secure a successful combination, such as disclosed by appellant.
It is agreed by the Solicitor for the Patent Office that counsel for appellant has correctly and succinctly stated the issues in his brief as follows:

There having been fonomi

(A) Structures such as shown in the Spencer and Hollander patents having a common shaft for both pump and motor, said shaft being immovable endwise and entering the pump housing through a stuffing' box; and
(B) Structures like those of the Wilfley and Carrier (which do not show a combined pump and driving motor unit) wherein the pump shaft (not a shaft common to both pump and driving motor) is movable longitudinally to open and close sealing means.
it then became “an obvious and unpatentable expedient”, and inonAnventive for applicant to devise or create his combined pump and driving motor unit structure having its longitudinally movable shaft common to both the pump *1329 and driving motor and sealing means opened and closed by said longitudinal movement, instead of a shaft immovable endwise and not acting to open and close sealing means but rotating in a stuffing box.
In the foregoing quoted statement, counsel for appellant was attempting to state, somewhat ironically we suppose, the views of the Patent Office tribunals relative to appellant’s alleged invention.
It clearly appears of record that appellant’s combination is new, useful, and commercially successful. Whether it was obvious to one skilled in the art, as held by the tribunals of the Patent Office, is the primary issue before us.
Considering the appealed claims in the light of the facts of record, we are constrained to hold that appellant’s combination, although defined broadly in the appealed claims, was not obvious to one skilled in the art.
We find nothing in the references to suggest that appellant’s new, useful, and commercially successful device might be constructed by combining some of their elements. We are of opinion, therefore, that the appealed claims involve invention and are patentable.
For the reasons stated, the decision of the Board of Appeals is reversed.